**Javier Isidro MARTINEZ–PEREZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71092.
Agency No. A41–119–544.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2004.*

Decided March 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Peter James Musser, Esq., Law Offices of Peter J. Musser, Vista, CA, for Petitioner.

Mark K. Reed,Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Greg D. Mack, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before TROTT, RAWLINSON, and BEA, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM **

To be eligible for cancellation of removal, an alien must have "resided in the United States continuously for 7 years after having been admitted in any status ..." 8 U.S.C. § 1229b(a)(2). However, § 1229b(d)(1) sets forth a stop-time provision, which provides that any period of continuous residence shall be "deemed to end" when the alien commits an offense that renders him inadmissible or removable. *See also Barahona–Gomez v. Reno,* 167 F.3d 1228, 1232 (9th Cir.1999), (recognizing that the continuous physical presence requirement ends upon the commission of a qualifying offense), *supplemented on other grounds by* 236 F.3d 1115 (9th Cir.2001).

■ Martinez–Perez was convicted of grand theft in 1989. This conviction ended his period of continuous presence because it was a crime of moral turpitude that rendered Martinez–Perez inadmissible under 8 U.S.C. § 1182(a)(2). *See* 8 U.S.C. § 1229b(d)(1); *see also Rashtabadi v. I.N.S.,* 23 F.3d 1562, 1568 (9th Cir.1994) (recognizing grand theft as a crime of moral turpitude and an offense rendering the alien excludable); *see also Matter of Perez,* 22 I & N Dec. 689 (BIA 1999) (holding that § 1229b(d)(1) did not have a retroactive effect when applied to petitioner's drug offense that occurred prior to the enactment of the IIRIRA). Martinez–Perez entered the United States in 1986 and committed grand theft in 1989. Therefore, he did not accrue the required seven years of continuous residence necessary for him to qualify for cancellation of removal.

■ Contrary to Martinez–Perez's contention, he did not begin to accrue time anew following his conviction. *Cf. Ram v. I.N.S.,* 243 F.3d 510, 518 (9th Cir.2001)

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(holding in an analogous context that no "second period of continuous presence" may begin following the service of an order to show cause).

PETITION DENIED.

---

* The Honorable Jeffrey S. White, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.